UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

    Plaintiff,                                     Case No. 15-cv-12869
                                              Hon. Matthew F. Leitman

v.

SOE SCHLOTTMAN, *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO EXTEND SUMMONSES (ECF ## 29, 30)

Plaintiff Jack Mann ("Mann") is an inmate currently in the custody of the Federal Bureau of Prisons (the "BOP"). (*See* Compl., ECF #1.)  He has brought a *pro se* action against (1) various federal corrections officers and officials, whom Mann has identified only as Mr. Schlottman, Ms. Bittenbender, Warden J.A. Terris, Mr. Gillespie, and C.O. Rische,[1] (2) the BOP, and (3) the Department of Justice (collectively, "Defendants"). (*See id.*)  Mann originally filed an application to proceed *in forma pauperis* (the "Application") in this action. (*See* ECF ## 3, 5).  But after Mann failed to cure deficiencies with the Application on three separate occasions, the Court dismissed his Complaint without prejudice on October 27, 2015. (*See* ECF #10.)  Mann thereafter chose to forgo proceeding *in forma pauperis*, and he paid the Court's $350 filing fee and $50 administrative fee on December 21, 2015. (*See* ECF #19.)  The Court then reopened

---

[1] For ease of reference, the Court refers to these defendants as "Schlottman," "Bittenbender," "Terris," "Gillespie," and "Rische."

1

Mann's case and issued summonses for each Defendant on January 7, 2016.  (*See* ECF #21.)

On April 21, 2016, the Court entered an Order extending the life of the summonses to July 5, 2016 (the "April 21 Order").  (*See* ECF #27.)  In the April 21 Order, the Court also informed Mann that he was responsible for (1) serving a summons and Complaint on each Defendant and (2) filing a certificate of service with the Clerk of this Court confirming that he had timely served the summonses and the Complaint.  (*See id.* at 3, Pg. ID 180.)

On June 21 and again on July 1, 2016, Mann filed a motion requesting that the Court extend the summonses (the "Motions to Extend").  (*See* ECF ## 29, 30.)  In the Motions to Extend, Mann states that he seeks to extend the summonses because his original Complaint was "missing, lost, or stolen/destroyed."  (*See* Motions to Extend at ¶ 2, ECF ## 29, 30, Pg. ID 184, 190.)  While the Motions to Extend were pending, Mann also filed an Amended Complaint on July 6, 2016.  (*See* ECF #31.)  For the reasons explained below, the Court will treat the Amended Complaint as Mann's operative pleading in this action, and it **GRANTS IN PART AND DENIES IN PART** the Motions to Extend.

A.   **The Amended Complaint and Summonses for the Newly-Added Defendants**

The Court will treat Mann's Amended Complaint – which adds two new Defendants – as the operative complaint in this action.  On July 21, 2016, the Clerk of the Court issued new summonses for the newly-added Defendants in the Amended Complaint: the United States of America and Ms. Sauter.  (*See* ECF ## 32, 33.)  Mann is

advised that the summonses for the newly-added Defendants will expire on October 19, 2016. Mann (and Mann alone) is responsible for timely serving the summonses and the Amended Complaint on the United States of America and Ms. Sauter, and Mann shall file a certificate of service with the Clerk of this Court confirming that he has properly and timely accomplished such service.

**B.      The Motions to Extend the Summonses**

With respect to the Motions to Extend, Rule 4(m) of the Federal Rules of Civil Procedure provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The United States Court of Appeals for the Sixth Circuit has stated that "the determination of good cause is a discretionary determination entrusted to the district court." *Lockhart v. Holiday Inn Exp. Southwind*, 531 Fed. App'x 544, 549 (6th Cir. 2013) (quotation and citation omitted).

Under the circumstances, the Court concludes that there is good cause to extend the summonses for the Defendants named in the original Complaint. The Court accepts Mann's representation that the original Complaint was lost or destroyed and that Mann accordingly could not serve the summonses and original Complaint within the required time frame.

Accordingly, the summonses for the Defendants named in the original Complaint (Defendants Schlottman, Bittenbender, Terris, Gillespe, Rische, the BOP, and the Department of Justice) are extended until, and shall expire on **October 19, 2016** – the same day the summonses expire for Defendants Sauter and the United States of America. Mann (and Mann alone) is responsible for timely serving the summonses and the Amended Complaint on Defendants Schlottman, Bittenbender, Terris, Gillespe, Rische, the BOP, and the Department of Justice. Mann must also serve this Order extending the summonses on those Defendants.

**Absent extraordinary circumstances, the Court will not further extend the life of any of the summonses issued in this action.**

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Motions to Extend (ECF ## 29, 30) are **GRANTED** to the extent they request to extend the life of the summonses for Defendants Schlottman, Bittenbender, Terris, Gillespe, Rische, the BOP, and the Department of Justice. By not later than **October 19, 2016**, Mann must properly serve (1) the Amended Complaint, (2) the summonses, and (3) a copy of this Order extending the life of the summonses on Defendants Schlottman, Bittenbender, Terris, Gillespe, Rische, the BOP, and the Department of Justice. And by not later than **October 31, 2016**, Mann must file a Certificate of Service with the Clerk of this Court confirming such service. On **November 1, 2016**, the Court will review the docket to determine whether Mann has filed a Certificate of Service confirming proper and timely service on each of the Defendants listed in this paragraph. Any Defendant upon whom Mann has failed to accomplish timely and proper service shall be dismissed without prejudice from this action at that time. The Motions to Extend are **DENIED** in all other respects.

2. In addition, Mann shall serve Defendants United States of America and Ms. Sauter with (1) the Amended Complaint and (2) the summonses by **October 19, 2016**. And by not later than **October 31, 2016**, Mann must file a Certificate of Service with the Clerk of this Court confirming such service. On

**November 1, 2016**, the Court will review the docket to determine whether Mann has filed a Certificate of Service confirming proper and timely service on each of the Defendants listed in this paragraph. Any Defendant upon whom Mann has failed to accomplish timely and proper service shall be dismissed without prejudice from this action at that time.

3. When the Clerk of this Court serves this Order on Mann, the Clerk shall include summonses for all of the Defendants. Once again, Mann (and Mann alone) is responsible for timely and properly serving the summonses and the Amended Complaint on each Defendant as described above. And, once again, Mann is also responsible for serving this Order extending the summonses on Defendants Schlottman, Bittenbender, Terris, Gillespe, Rische, the BOP, and the Department of Justice.

                    s/Matthew F. Leitman
                    MATTHEW F. LEITMAN
                    UNITED STATES DISTRICT JUDGE

Dated: July 26, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 26, 2016, by electronic means and/or ordinary mail.

                    s/Holly A. Monda
                    Case Manager
                    (313) 234-5113