UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

    Plaintiff,

v.

SOE SCHLOTTMAN *et al.*,

    Defendants.

_____/

Case No. 15-cv-12869
Hon. Matthew F. Leitman

**OPINION AND ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF #44), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #40), (3) DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE MERITS OF THE CASE (ECF #39), (4) DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS AND INTERROGATORIES, (5) DENYING PLAINTIFF'S MOTION TO COMPEL ALTERNATIVE RESOLUTION (ECF #52), (6) DENYING PLAINTIFF'S MOTION FOR JUDGMENT (ECF #58), AND (7) DENYING PLAINTIFF'S MOTION IN OPPOSITION TO RULE 56 MOTION (ECF #62)**

Plaintiff Jack Mann ("Mann") is an inmate currently incarcerated at the Federal Bureau of Prisons (the "BOP") facility in Ashland, Kentucky ("FCI Ashland"). Between 2011 and 2014, Mann was incarcerated at the Federal Detention Center in Milan, Michigan ("FCI Milan"). A published BOP policy in effect at that time prohibited federal inmates from using BOP computers for personal use. Despite that policy, Mann (1) used a BOP computer to draft a manuscript entitled "Grimace and Me" and (2) stored the manuscript on a BOP computer. The

BOP later transferred Mann to its facility in Allenwood, Pennsylvania ("FCI Allenwood"). After the transfer, Mann asked a BOP employee at FCI Milan to send him a copy of his manuscript. That employee declined to do so because Mann had created and stored the manuscript on a BOP computer in violation of BOP policy. Mann, acting *pro se*, then brought this civil action against the United States, the BOP, the Department of Justice, and several BOP employees. (*See* Compl., ECF #1; First Am. Compl., ECF #31.) Mann seeks $11,000,000 in damages for the refusal to return the manuscript and $1,500,000 in legal fees. (*See* First Am. Compl., ECF #31 at 4, Pg. ID 199.)

There are two dispositive motions now pending before the Court: the Defendants' Motion to Dismiss (ECF #44) and Mann's Motion for Summary Judgment (ECF #40). For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Mann's Motion for Summary Judgment. The Court also **DENIES** Mann's other motions that are pending in this case. (*See* ECF ## 52, 58, 62.)

## I. Factual Background and Mann's Amended Complaint

In 2011, Mann was convicted of solicitation to commit murder, in violation of 18 U.S.C. § 373(a), in the United States District Court for the Northern District of Illinois. *See United States v. Mann*, 10-cr-00035 at Docket #86 (N.D. Illinois, July 27, 2011). He was sentenced to a term of 105 months in custody. *See id.* The BOP

housed Mann at FCI Milan from October 2011 to November 2014. (*See* Inmate Quarters History, ECF #44-2 at 1-2, Pg. ID 362-63.)

During Mann's time at FCI Milan, the BOP had an official published policy concerning inmate use of BOP computers. This policy, known as BOP Program Statement 1237.13, generally "prohibited inmates from using [BOP] computers for personal use." (ECF #44-5 at 18, Pg. ID 416.) However, it contained an limited exception allowing inmates to use BOP computers to "generate" materials "as a result of" their enrollment in an "Educational or Vocational program."[1]

---

[1] BOP Program Statement 1237.13 provided as follows:

> **Inmate Personal Use of Computer Equipment.** Inmates are prohibited from using computers for personal use, such as legal activities or correspondence to relatives (except under certain conditions). This includes the use of printers and printing materials, diskettes, CD-ROM burning, and other such activities.
> **Exception.** Certain computing materials may be authorized for inmate use and possession, which may include certain kinds of printouts as authorized by local policy and screened by appropriate staff. An example is some materials generated *as a result of* an Educational or Vocational program or as specified in the Program Statement on Legal Activities, Inmate. Only the facility CEO can authorize other personal uses of computer equipment, such as legal activities or other correspondence, in writing.

(ECF #44-5 at 18, Pg. ID 416, emphasis added.)

While Mann was an inmate at FCI Milan, he wrote and saved a personal manuscript titled "Grimace and Me" (the "Manuscript") on a prison computer. (*See* Am. Compl., ECF #31 at 4-7, Pg. ID 199-202.) At the time he wrote the Manuscript he was not enrolled in a BOP educational or vocational program. Instead, he was "patient[ly] … wait[ing]" for a writing class to be scheduled *in the future.* (Resp. to Mot. to Dismiss, ECF # 51 at 4-5, Pg. ID 478-79; *see also* Am. Compl., ECF # 31 at 6, Pg. ID 201.) In fact, while Mann hoped to be able to enroll in an upcoming class, he was never able to do so. Notably, Mann does not allege that he was directed to prepare the Manuscript in preparation for his hoped-for enrollment in the future class, nor does he claim that the instructor gave him permission to prepare the Manuscript or bring it to a future class. Instead, Mann claims only that he asked the instructor if there would be a class at some point in the future, and the instructor said "yes." (Resp. to Mot. to Dismiss, ECF # 51 at 25, Pg. ID 500.) Given these circumstances, Mann plainly did not write the Manuscript "as a result" of a BOP educational or vocational program, and he thus violated BOP Program Statement 1237.13 by using the computer to create and store it.

Despite his violation of BOP Program Statement 1237.13, Mann asked Defendant Schlottman, a BOP employee at FCI Milan, to retrieve the Manuscript (for Mann) from the BOP computers. (*See* ECF #31 at 7, Pg. ID 202.) Schlottman allegedly told Mann that he would "handle" the matter, but Schlottman did not obtain

4

the Manuscript for Mann. (*Id.*) According to Mann, Defendants Sauter and Gillespie were additional FCI Milan employees who were "aware of [his] need for the content saved [on the educational] computers" but neither provided him a copy of the content. (*Id.*) Mann also contacted Defendant Rische, a correctional officer at FCI Milan, who told Mann that "[w]e do not print off personal work on an educational only computer." (*Id.* at 10, Pg. ID 205.)

The BOP later transferred Mann to FCI Allenwood. (*See* Inmate Quarters History, ECF #44-2 at 1, Pg. ID 362.) After Mann was transferred to FCI Allenwood, he wrote Schlottman a letter stating that he "want[ed] a copy of the [Manuscript]" and instructing Schlottman to mail the Manuscript to his new address at FCI Allenwood. (*See* ECF #31 at 39, Pg. ID 234.) In response, Schlottman emailed Defendant Bittenbender, who is the Assistant Supervisor of Education at FCI Allenwood, to tell her that the Manuscript was "non-educational" and "for personal use" – and was thus created in violation of BOP Program Statement 1237.13. (*Id.* at 41, Pg. ID 236.) He told Bittenbender that he would not be providing the Manuscript to Mann.

Mann felt aggrieved by the refusal to provide the Manuscript, and he decided to assert tort claims based upon the refusal. To begin the process of asserting tort claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), on March 2, 2015, Mann filed a "Claim for Damage, Injury, or Death" on BOP Standard Form 95

5

("Mann's Form 95"). (*Id.* at 30-35, Pg. ID 225-30.) In Mann's Form 95, he sought $11,000,000 for (1) "property damage" caused by loss of the Manuscript and (2) "personal injury" caused by "emotional distress, abuse of process, tortious interference with contract rights," "assault through menacing," and "loss of use." (*Id.*)

By letter dated June 25, 2015, the BOP responded to, and denied, the tort claims asserted in Mann's Form 95 (the "Denial Letter"). (*See id.* at 37-38, Pg. ID 232-33.) The Denial Letter explained that the BOP had denied Mann's claim for personal injury damages because the BOP's investigation "did not reveal [that Mann] suffered any personal injury as a result of the negligent acts or omissions of BOP employees acting within the scope of their employment." (*Id.*) Likewise, the Denial Letter said that the BOP denied Mann's claim for property damages based upon the results of its investigation. (*See id.*)

On August 7, 2015, Mann filed suit in this Court. In his Amended Complaint, Mann asserts the following claims and identifies the following damages:

    (a) Abuse of Process

    (b) Fifth Amendment Violations

    (c) First Amendment Violations

    (d) Deliberate indifference

    (e) Intentional Torts

    (f) Non-intentional torts

    (g) Conversion of Intellectual Property

    (h) Theft of Intellectual Property

    (i) Personal Injury

    (j) Tortious Interference with Contract Rights

    (k) Fraud

    (l) Loss of Manuscript Valued Over $1,000,000

    (m) Loss of Use of Money Valued Over $250,000

    (n) Delay Damages

    (o) Punitive Damages

    (p) Compensatory Damages

(*Id.* at 9, Pg. ID 204.)  In his briefing to the Court, Mann appears to suggest that he is asserting additional claims, such "illegal seizure" in violation of the Fourth Amendment. (*Id.* at 18, Pg. ID 213.)

    For ease of reference, the Court divides Mann's claims into two categories: (1) state-law tort claims (the "Tort Claims") that Mann presented in Mann's Form 95, and (2) constitutional claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (the "*Bivens* Claims").  Mann asserts both categories of claims against three classes of Defendants: (1) the United States; (2) the BOP and the Department of Justice (an agency and department of the United States, respectively),

7

and (3) six individuals employed by the BOP. The individual Defendants (to whom Mann refers by last name) are: Sauter (a BOP employee at FCI Milan), Schlottman (a BOP employee at FCI Milan), Gillespie (a BOP employee at FCI Milan), Rische (a BOP employee at FCI Milan), Terris (the warden at FCI Milan), and Bittenbender (a BOP employee at FCI Allenwood).

## II. Defendants' Motion to Dismiss

### A. Standard of Review

Defendants move to dismiss the Amended Complaint under Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"). (*See* Motion to Dismiss, ECF #44 at 1, Pg. ID 330.)

Rule 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Sec. of Dept. of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

Rule 12(b)(2) provides for dismissal of a complaint for lack of personal jurisdiction over a defendant. "The plaintiff bears the burden of establishing through specific facts that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (internal quotation marks omitted). Where, as here, a court does not hold an evidentiary hearing, "the plaintiff

8

need only make a prima facie case that the court has personal jurisdiction." *Id.* (internal quotation marks omitted). The Court does "not weigh the facts disputed by the parties but instead consider[s] the pleadings in the light most favorable to the plaintiff." *Id.* The Court may, however, "consider the defendant's undisputed factual assertions." *Id.*

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still plead sufficiently specific factual allegations, and not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678–679.

9

## B. All Claims against Bittenbender

Bittenbender is uniquely situated among the individual Defendants because she works at a BOP facility outside of this State and this judicial district – FCI Allenwood in Allenwood, Pennsylvania. Given her lack of connection to this forum, she has moved to dismiss the Amended Complaint under Rule 12(b)(2) because the Court lacks personal jurisdiction over her.

Mann may proceed with his *Bivens* and tort claims against Bittenbender only if this Court may assert personal jurisdiction over her. *See Gilbert v. DaGrossa*, 765 F.2d 1455, 1459 (6th Cir. 1985); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C. 1995). For the reasons explained below, the Court concludes that it lacks the required personal jurisdiction.

Personal jurisdiction may be either general or specific. See *Air Products and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549-50 (6th Cir. 2007). General jurisdiction "depends on continuous and systematic contact with the forum state," whereas specific jurisdiction "grants jurisdiction only to the extent that a claim arises out of or relates to a defendant's contacts in the forum state." *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012) (citing *Kerry Steel, Inc. v. Paragon Indus.*, Inc., 106 F.3d 147, 149 (6th Cir. 1997)).

Bittenbender is plainly not subject to general jurisdiction here. She has submitted a sworn declaration in which she explains that she has never resided in

10

Michigan nor owned property in Michigan and that her only contact with the state of Michigan is occasional communication with BOP personnel in Michigan. (*See* ECF #44-4.*)* She lacks the type of continuous or systematic contacts with this State to support the exercise of general jurisdiction over her.

Nor is she subject to limited personal jurisdiction here. In order for a court to exercise specific personal jurisdiction over a defendant, "the defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Here, because "Michigan's long-arm statute extends to the limits imposed by federal constitutional due process requirements … the two questions become one." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). Thus, the Court must only "determine whether the exercise of personal jurisdiction over [Bittenbender] comports with constitutional due process." *Id.*

Constitutional due process requirements are satisfied when an out-of-state defendant has "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal citations omitted). In *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit established a three-part test to guide this determination:

11

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 381.

None of the three prongs of the *Southern Machine* test are satisfied with respect to Bittenbender. First, Mann does not allege any facts or present any evidence suggesting that she personally availed herself of the privilege of acting in this State. The Amended Complaint alleges that Bittenbender did two things: (1) she received the email in which Schlottman stated that he believed the Manuscript was "non-educational" and that he (Schlottman) would not be providing it to Mann, (*Id.* at 41, Pg. ID 236.), and (2) she confiscated Mann's legal materials on October 5, 2015, because she was allegedly angry about Mann including her as a defendant in this lawsuit. (*Id* at 16, Pg. ID 211.) The first action was simply the passive receipt in Pennsylvania of an email from an individual located in Michigan. This does not amount to purposeful availment by Bittenbender in Michigan. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . unilateral activity of another person.") (internal citations omitted). Likewise, the

second alleged action occurred entirely in Pennsylvania and does not amount to purposeful availment of this forum.

Second, because Bittenbender did nothing in this forum, Mann's claims cannot possibly arise out of her contacts with Michigan.

Finally, given the lack of any meaningful connection between Bittenbender and this forum, it would be wholly unreasonable for this Court to assert personal jurisdiction over her.

Mann counters that this Court may nonetheless proceed with the claims against Bittenbender because "there is Diversity Jurisdiction" over his claims against her. (ECF #51 at 17, Pg. ID 492.) Mann fails to recognize that (1) diversity jurisdiction is a form of subject matter jurisdiction and (2) subject matter jurisdiction and personal jurisdiction must be established separately. Simply put, Mann has not established that this Court has personal jurisdiction over Bittenbender.

Accordingly, all claims against Bittenbender are **DISMISSED** for lack of personal jurisdiction.

**C. Tort Claims**

1. <u>Against the DOJ and BOP</u>

This Court lacks subject matter jurisdiction over Mann's tort claims against the DOJ and BOP because their sovereign immunity has not been waived. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013) ("Without a

waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies."). Although the Federal Tort Claims Act (the "FTCA") waives sovereign immunity for certain tort claims against the United States, it does not waive sovereign immunity for suits against federal agencies. *See Allegeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (holding that the FTCA does not waive the sovereign immunity of federal agencies such as the United States Postal Service); *McCracken v. Brookhaven Science Associates LLC*, 376 Fed. App'x 138 (2d Cir. 2010) (holding that federal agencies "were properly dismissed for lack of subject matter jurisdiction, because the agencies were not subject to suit under the Federal Tort Claims Act"). Because there is no waiver of sovereign immunity for Mann's Tort Claims against the BOP and DOJ, such claims are **DISMISSED** for lack of subject matter jurisdiction.

2. <u>Against Schlottman, Terris, Gillespie, Rische and Sauter</u>

The remaining individual Defendants are also immune from Mann's tort claims. They enjoy this immunity under the Westfall Act, 28 U.S.C § 2679(b), which grants federal employees immunity from tort liability for actions taken within the scope of their employment. *See Osborn v. Haley*, 549 U.S. 225, 229 (2007) (The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"). Here, Mann alleges no facts suggesting that the individually-named defendants were acting

14

outside the scope of their employment. Accordingly, the Tort Claims against Schlottman, Terris, Gillespie, Rische, and Sauter are **DISMISSED**.

3. <u>Against the United States</u>

This Court lacks subject matter jurisdiction over Mann's tort claims against the United States because the United States has not waived its sovereign immunity with respect to those claims. *See U.S. v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (explaining that "[j]urisdiction over any suit against the [United States] requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.")

While the FTCA waives the sovereign immunity of the United States with respect to certain claims seeking "money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment," 28 U.S.C. § 1346(b)(1), that waiver does not extend to Mann's tort claims. The FTCA explicitly exempts from its waiver of sovereign immunity "any claim arising in respect of the . . . detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer" (the "Section 2680(c) Exception"). 28 U.S.C. §2680(c). In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 218-21 (2008), the United States Supreme Court held that the Section 2680(c) Exception applies to tort claims arising out of the allegedly wrongful seizure and retention of

15

personal property by BOP officers. Here, Mann's Tort Claims all arise out of the BOP's alleged unwillingness to return the Manuscript, which Mann alleges is his personal property. Accordingly, the Section 2680(c) Exception applies to Mann's Tort Claims, and the United States' sovereign immunity against Mann's claims remains intact. Mann's Tort Claims against the United States are **DISMISSED** for lack of subject matter jurisdiction.

**D. *Bivens* Claims**

    1. Against the DOJ and BOP

The Supreme Court has held that there is no *Bivens* cause of action against federal agencies. *See* F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994). Accordingly, the *Bivens* Claims against the BOP and DOJ are **DISMISSED**.

    2. Against Schlottman, Terris, Gillespie, Rische, and Sauter

Mann's *Bivens* Claims against the remaining individual Defendants fail because Schlottman, Terris, Gillespie, Rische, and Sauter have qualified immunity from those claims. "Qualified immunity protects public officials from liability from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013) (internal quotation marks omitted). Courts follow a "two-tiered inquiry to determine if an officer is entitled to qualified immunity." *Id.* (internal quotation marks omitted). "The first

16

step is to determine if the facts alleged make out a violation of a constitutional right. The second is to ask if the right was 'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it. These two steps may be addressed in any order." *Id.* (internal citations omitted). With respect to the "clearly established" prong of the qualified-immunity analysis, "[t]he sources of clearly established law to be considered are limited. [Courts in this Circuit] look first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within [the Sixth] [C]ircuit, and finally to decisions of other circuits." *Id.* at 961. "The plaintiff has the burden of showing that a right is clearly established*.*" *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citing *Barrett v. Steubenville City Sch.*, 388 F.3d 967, 970 (6th Cir.2004)).

Mann has not shown that federal inmates have a clearly established constitutional right to use a prison computer in violation of published BOP policy or to have access to a document that was created in violation of BOP policy.[2] Indeed, he cites no authority from the Supreme Court, the Sixth Circuit, any federal court in this Circuit, or any other circuit, that holds that a federal inmate has a constitutional right to use a prison computer in violation of BOP policy or to access a document that the inmate created in violation of BOP policy. Instead, Mann refers generally

---

[2] The issue before the Court is *not* whether Mann had a First Amendment right to *compose* a manuscript or short story while at FCI Milan. Rather, the issue is whether he had a clearly established right to do so on a BOP computer.

17

to Defendants violating his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*See* ECF #51 at 25, Pg. ID 500.) Such references, however, are at too high a level of generality to demonstrate a clearly established constitutional right. *See Ashcroft v. al-Kibb*, 563 U.S. 731, 741 ("We have repeatedly told courts . . . not to define clearly established law at a high level of generality.") (internal citations omitted). Because Mann has not shown that he had a clearly established right to access the Manuscript that he created on a prison computer in violation of BOP Program Statement 1237.13, the individual Defendants are protected by qualified immunity. Thus, Mann's *Bivens* Claims against Schlottman, Terris, Gillespie, Rische, and Sauter are **DISMISSED**.

### E. Injunctive Relief

In his Amended Complaint, Mann also seeks injunctive relief that (1) directs the BOP to print and send the Manuscript to Mann; and (2) directs a third party to oversee the deletion of the Manuscript from the BOP's server. (*Id.* at 4, Pg. ID 199.) Because Mann's claims fail on the merits for the reasons stated above, he is not entitled to such relief. Accordingly, Mann's requests for injunctive relief are **DENIED**.

### III. Mann's Motions

Because the Court dismissed all of the claims in Mann's Amended Complaint, his Motion for Summary Judgment (ECF #40) is **DENIED AS MOOT.** In addition,

Mann's Motion for Judgment on the Merits of the Case (ECF #39), Mann's Motion for Depositions and Interrogatories (ECF #42), Mann's Motion to Compel Alternative Resolution (ECF #52), Mann's Motion for Judgment (ECF #58), and Mann's Motion in Opposition and Response to Rule 56 Motion (ECF #62) are **DENIED AS MOOT.**

### IV. Conclusion

In summary, for the reasons stated above, Defendants' Motion to Dismiss (ECF #44) is **GRANTED** and Mann's Motion for Summary Judgment is **DENIED.** Mann's other motions in this case (ECF ## 39, 42, 52, 58, 62) are **DENIED AS MOOT.**

**IT IS SO ORDERED**

            s/Matthew F. Leitman
            MATTHEW F. LEITMAN
            UNITED STATES DISTRICT JUDGE

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 22, 2017, by electronic means and/or ordinary mail.

            s/Holly A. Monda
            Case Manager
            (313) 234-5113